**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DONALD CARDWELL on behalf of          :
himself and similarly-situated        :
employees,                            :
                                      :
          Plaintiffs,                 :      CIVIL ACTION
                                      :
     v.                               :      No. 08-cv-5075
                                      :
STRYDEN, INC.,                        :
                                      :
          Defendant.                  :

**MEMORANDUM and ORDER**

**Joyner, J.**                                          **May 18, 2009**

Plaintiff Donald Cardwell brings the instant motion for
court-supervised notice to potential opt-in plaintiffs pursuant
to the opt-in procedures of the Fair Labor Standards Act
("FLSA"), 29 U.S.C. § 216(b).  For the reasons stated herein,
plaintiff's motion will be granted.

While it appears that the parties originally intended to
mutually agree on the proposed class and send out opt-in notices
without intervention of this Court, a dispute has arisen as to
the potential opt-in plaintiffs who will receive notice.  It is
this Court's "managerial responsibility to oversee the joinder of
additional parties to assure that the task is accomplished in an
efficient and proper way."  Hoffmann-La Roche, Inc. v. Sperling,
493 U.S. 165, 170-171 (1989).  Further, "district courts have
discretion, in appropriate cases, to implement 29 U.S.C. § 216(b)

1

(1982 ed.), as incorporated by 29 U.S.C. § 626(b) (1982 ed.), in

ADEA actions by facilitating notice to potential plaintiffs."

Id.   In light of these responsibilities, we will consider the

Plaintiff's Motion for Court-Supervised Notice to Potential Opt-

in Plaintiffs and direct court-supervised notice.

There are two requirements for potential plaintiffs to be

included in the collective action: plaintiffs must (1) be

"similarly situated" and (2) give written consent.  29 U.S.C. §

216(b).  Courts engage in a two-step inquiry to determine whether

class members are similarly situated for purposes of Section

216(b) of the Fair Labor Standards Act ("FLSA").  Harris v.

Healthcare Servs. Group, Inc., No. 06-2903. 2007 U.S. Dist. LEXIS

55221, 2007 WL 2221411, at *6 (E.D. Pa. July 31, 2007) (citations

omitted).  The first step, the one at hand in the instant motion,

is assessed early in the litigation process when there is minimal

evidence and places a relatively light burden on plaintiffs to

show that potential opt-in plaintiffs are similarly situated.

Id.; Smith v. Sovereign Bancorp, Inc., No. 03-2420, 2003 U.S.

Dist. LEXIS 21010, 2003 WL 22701017, at *10 (E.D. Pa. Nov. 13,

2003).  When discovery is complete, a more fact-specific second-

stage inquiry will occur into whether the proposed opt-in class

is, indeed, similarly situated.  Id.

Courts differ as the requirements of this first step.  "Some

courts have determined that plaintiffs need merely allege that

the putative class members were injured as a result of a single policy of a defendant employer."  Bosley v. Chubb Corp., No. 04-cv-4598, 2005 U.S. Dist. LEXIS 10974, 2005 WL 1334565, at *7-9 (E.D. Pa. June 3, 2005) (citing Goldman v. RadioShack, No. 03-cv-0032, 2003 U.S. Dist. LEXIS 7611, 2003 WL 21250571, at *27 (E.D. Pa. Apr. 16, 2003); Felix de Ascencio v. Tyson Foods, 130 F. Supp. 2d 660, 663 (E.D. Pa. 2001); Sperling v. Hoffman-La Roche, 118 F.R.D. 392, 407 (D.N.J. 1988), aff'd on other grounds, 862 F.2d 439 (3d Cir. 1988), aff'd, 493 U.S. 165 (1989)).  While, "[o]ther courts have applied a stricter, although still lenient, test that requires the plaintiff to make a 'modest factual showing' that the similarly-situated requirement is satisfied." Bosley, 2005 U.S. Dist. LEXIS 7611, at *8-9 (citing Dybach v. Florida Dep't of Corrections, 942 F.2d 1562, 1567-68 (11th Cir. 1991); Mueller v. CBS, Inc., 201 F.R.D. 425, 428 (W.D. Pa. 2001); Harper v. Lovett's Buffet, Inc., 185 F.R.D. 358, 362 (M.D. Ala. 1999); Jackson v. New York, 163 F.R.D. 429, 431 (S.D.N.Y. 1995)). Under either lenient standard, we find that the plaintiff has shown a similarly situated proposed class, meeting the requirements of the first step.

Plaintiff requests that this Court conditionally certify a class of individuals over 40 years of age whose employment as a driver was terminated at or around the end of October 2006 and order that defendant provide names and last known addresses of

3

all such individuals.  Plaintiff further asks that this Court

approve proposed language for a Notification Form to be sent to

all potential opt-in plaintiffs.  Plaintiff has alleged in his

Amended Complaint that all of the potential opt-in plaintiffs are

similarly situated "in that they are over the age of 40; their

employment was terminated when Defendants took over; and they

were all replaced by younger drivers."  Amend. Comp. 5.

Plaintiff alleges that proposed opt-in plaintiffs were terminated

because of their age.  The Age Discrimination in Employment Act

("ADEA"), under which plaintiff is proceeding, protects

individuals over 40 years of age.  29 U.S.C. § 621, *et seq*.

Seven additional members of the proposed class have filed written

consent forms pursuant to §16(b) of FLSA, and each is over 40,

was employed with defendant as a driver and was terminated at or

around October 2006.  Plaintiff's Charge of Discrimination with

the EEOC lists these other opt-in plaintiffs.  Pl. Mot. Brf.,

Exh. A.  These plaintiffs also filed EEOC Selection

Questionnaires.  Thus, plaintiff has alleged that a group of

proposed class members were injured as the result of age

discrimination by the defendant and has presented a modest

factual showing in demonstrating that at least seven other

persons above age 40 were terminated when defendant took over.

Defendants argue that plaintiff has not shown that the

"class" is similarly situated and that, as such, the potential

class should include only individuals who are over 60 years old.
In arguing that the proposed class is not similarly situated,
defendant contends only that the plaintiff has not shown "how
individuals ranging in ages between 40 and 84 are similarly
situated."  Def. Resp. 2.  The large range in age is the only
argument defendant makes to undermine plaintiff's contention,
simply stating that the age range is too large without any other
allegation as to why potential opt-in plaintiffs over 40 years of
age would not be similarly situated will not derail the proposed
class.  Based both on plaintiff's allegations and his modest
factual showing, we find that the plaintiff has made an adequate
showing that potential opt-in plaintiffs are similarly situated.
Thus, in line with plaintiff's Amended Complaint, plaintiff's
proposed "class" consists of individuals who are over the age of
40 who were not offered driver positions with Defendant Stryden
on or about the end of October 2006.  Certainly, after discovery
has been completed, this Court will conduct a "second-stage"
inquiry into the question of whether the potential plaintiffs
are, indeed, similarly situated.

Finally, in light of the Amended Complaint and the immediate
Motion, we have found that the proposed class to be those
individuals over 40 years age.  However, this Court acknowledges,
that the Joint Discovery Plan submitted to the Court noted the
proposed class as those individuals over 60 years of age.

Correspondence between counsel has revealed the constraints that the proposed class of individuals over 40 years of age places on defendant in the discovery process.  Thus, we will extend all deadlines in the March 13, 2009 Scheduling Order by ninety (90) days in order that the defendant may be provided adequate time to identify former employees in the proposed class and communicate them to the plaintiff.  Counsel for plaintiff and defendant are directed to meet and confer regarding the form and content of the proposed notice to proposed class members and submit this Notification Form to this Court.

An appropriate Order follows.